## VALID AND INVALID CONTRACTS BETWEEN ATTORNEY AND CLIENT.

[Circuit Court of Lucas County.]

PETER EMSLIE v. THE FORD PLATE GLASS CO.

Decided, October 3, 1903

*Attorney and Client—Contract between for Professional Services—When Valid—When Champertous and Void.*

A simple contract between attorney and client, whereby the attorney is to receive a share of the recovery as compensation for his services, is binding and legal; but where the attorney undertakes to pay a part of the expenses and in that way acquires a pecuniary interest in a suit, or an agreement is entered into with the client that no settlement or compromise shall be made without the attorney's consent, the contract is champertous and void.

HULL, J.; HAYNES, J., and PARKER, J., concur.

A demurrer to the plaintiff's petition was sustained in the court of common pleas on the ground that it did not state a cause of action. Judgment was rendered upon the demurrer against the plaintiff and his petition dismissed. Error is prosecuted to this judgment.

Plaintiff, who is an attorney, claims in his petition that his client, William P. Eggleston, had a suit pending against the defendant, The Edward Ford Plate Glass Company, which he had brought for him as attorney—an action for a personal injury—and he sets up in his petition that as a consideration for his services as attorney, "the said William P. Eggleston agreed to pay to the said Peter Emslie one-half of all the money obtained by suit or settlement. That no settlement was to be made with said defendant company without the consent and approval of the said William P. Eggleston and his attorney, Peter Emslie." And he further alleges that he notified said company of his contract between himself and his client; that The Ford Plate Glass Company offered to settle the case at one time and the offer was refused. That his client is insolvent and not the owner of any property. That the defendant, with full knowledge of the contract between him and his client, settled the case with his client, without Emslie's

knowledge or consent, and procured his client to consent to a dismissal of the case; that the glass company came into court and dismissed the case against Mr. Emslie's objection and over his protest; and he alleges that this settlement was brought about by the glass company through their agents by false and malicious representations which they made to his client, that he would be arrested for perjury—that his attorney had "lied to him," and that said agents had told Eggleston that his fraternal organizations would "turn him down" and deprive him of opportunities to get employment if he did not settle the case; and plaintiff alleges that there was a conspiracy against himself to deprive him of his profits under his contract, and that defendant succeeded, as he says, in "alienating" his client from him and depriving him of the profit that he might have reaped under this contract; and he asks judgment against The Ford Plate Glass Company, by reason of this alleged violation of his rights, in the sum of five hundred dollars.

This petition was found to be demurrable in the court below, and, as is insisted in this court, for the reason that the contract set up by Mr. Emslie is contrary to public policy, illegal and void, and that, therefore, no cause of action can be based upon it, as a cause of action can not rest upon an illegal and void contract.

We are of the opinion that the court of common pleas was correct; that the contract plead in this petition is contrary to public policy, and void. Champertous contracts have always been held from time immemorial, both in this country and in England, to be void, and champerty and maintenance, under the common law, in former times were held to be misdemeanors punishable by fine and imprisonment, and in some cases as contempt of court. Where a lawyer or attorney agrees, for a portion of the amount involved, to carry on a law suit, and that he will pay the expenses of the suit, or a part of the expenses of the suit—all such contracts are held void as contrary to public policy encouraging litigation and having a tendency to the harrassing of the parties. A contract that a lawyer is to pay the costs, or a part of the costs in a case in which he has no personal interest except his fees, is void; and a contract by the terms of which a plaintiff is not permitted to settle without the consent of his attorney is also void. It takes from the client the power to settle his case, a right which he has

under the law and can not legally bargain away; it takes from the defendant also the right to settle and compromise, a right to buy his peace and get out of court if he can make an adjustment with the plaintiff, which is always encouraged by the courts as tending to peace and the end of litigation.

This contract provides that Eggleston shall not settle without the consent of Emslie, and for that reason is null and void, and, being so, it did not affect Eggleston's right to settle with the plate glass company in any respect, nor the right of the glass company to settle with Eggleston on terms offered, or on any basis satisfactory to him. The petition alleges that Eggleston was at the time in a bad mental condition, by reason of facts that are set forth, that he was harrassed and not in a condition to make a contract. This was a matter with which Emslie had nothing to do. If Eggleston is satisfied with the contract he has made, his attorney can not complain, and Eggleston does not complain of the settlement which he has made. Such contracts as this have been held void in this state from the first volume of the Supreme Court reports in which a decision is found. The question seems to have come early in the judicial history of the state, when that court did not have so much to do as they have now, and they discussed it at great length, apparently with the intention of settling the question for all time to come. This decision is found in 1 Ohio Reports, 132, *Key* v. *Vattier*, and it runs to page 153. The opinion is by Judge Burnet, and is a full discussion of the whole matter, citing all the authorities extant at the time. This was an action brought by an attorney to recover one half of some land over which there had been litigation which the attorney had conducted for his client. The contract between them was that the attorney was to have one-half of the land, and the agreement was that the client was not to settle without the attorney's consent. The Supreme Court say, on page 147:

"Such practices are oppressive on the parties immediately concerned. They have an injurious effect on the community at large; they are against the policy of the law and ought to be suppressed."

And, on page 148, they say:

"That such contracts have been frequent proves nothing of use to the plaintiff. We can not resort to the maxim *communis error*

*facit jus;* it has no application to a case like this. But we apprehend that such contracts have been less frequent than the gentlemen imagine. By this contract counsel stipulate, as a compensation for their services, that they shall receive a moiety of all they may recover. They are to indemnify the plaintiff against costs, and he is bound not to settle or compromise without their consent. If such contracts have been common, we have yet to learn the fact. It is to be hoped, however, the counsel have been misinformed; but if not, it is certainly time the law should give a check to such a practice."

The syllabus of the case covers a few lines only, and says:

"Contract with an attorney that he shall prosecute suits for the recovery of property, and that no compromise shall be made except he join in it, to receive part of the property recovered as compensation, illegal and void."

In 49 O. S., p. 1 (*Pennsylvania Co. v. Lombardo*), this question is discussed, and the court there, through Judge Minshall, on page 5, say:

"It seems well settled by the previous decisions of this court, that a contract between an attorney and client by which the former is to prosecute the action at his own expense, and receive for his compensation a part of the recovery, is against public policy and can not be enforced; and it seems that this would be the case in a contract by which the attorney is simply to receive a part, coupled with a stipulation that no compromise or settlement is to be made without his consent." Citing *Key* v. *Vattier,* 1 Ohio, 132, and other cases.

The last consideration by the Supreme Court of this question is found in 66 O. S., 316 (*Brown* v. *Ginn, Trustee*). They say in the syllabus:

"A contract by which several accounts against the same debtor are assigned by the holders to another, termed a trustee, for the purpose of having the same prosecuted for collection by suit or otherwise, and the proceeds, after payment of costs and fees of the trustee for prosecuting the action, to be paid to the assignors in proportion as the claim of each may bear to the whole sum recovered, does not constitute such assignees the real party in interest within the purview of Section 4993, Revised Statutes, so as to enable him to maintain an action in his own name upon such accounts. Nor is he a trustee of an express trust within the meaning of Section 4995, Revised Statutes.

"A contract assigning several accounts for the purpose of collection which gives to the assignee (an attorney) a contingent fee depending on success, to be deducted from the proceeds of a suit to collect the accounts, which suit is to be prosecuted by him in his own name and at his own risk and cost, and which also deprives the assignors of any right to control or compromise the suit, is against public policy as champertous, and is invalid."

It seems to be clearly established by the authorities of this state and everywhere, that such a contract as this is illegal and void. It has been held that a simple contract for a share of the recovery, as compensation for the attorney's services, is a binding and legal contract. In many cases that is the only way in which a man without money or means can have his action conducted and tried, and in all cases such contracts are sustained by the courts; but where the attorney undertakes to pay a part of the expenses, and thus acquires a pecuniary interest in that way in a suit, or agrees with his client that no settlement or compromise shall be made without the consent of the attorney, such an agreement, by all the authorities, is held to be champertous, contrary to public policy and void. Such a contract is the one set up in the petition, and the judgment of the common pleas, holding that the breach of it did not constitute a cause of action, was correct, and the judgment will therefore be affirmed.

*Peter Emslie,* for plaintiff.

*Baldwin & Harrington,* for defendant.